George V. HANSEN, Plaintiff-Appellant,

v.

The NATIONAL COMMISSION ON the OBSERVANCE OF INTERNATIONAL WOMEN'S YEAR et al., Defendants-Respondents.

No. 78–2210.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1980.

Decided Sept. 18, 1980.

**534**

Louis Ingram, Washington D. C., argued, for plaintiff-appellant; John L. Runft, Runft & Longeteig, Chartered, Boise, Idaho, on brief.

Leonard Schaitman, Dept. of Justice, Washington, D. C., argued, for defendants-respondents; Robert E. Kopp, Barbara L. Herwig, Washington, D. C., on brief.

Before GOODWIN and FERGUSON, Circuit Judges, and WILLIAMS *, District Judge.

SPENCER WILLIAMS, District Judge:

Appellant, a member of Congress, appeals the dismissal of his suit which seeks to enjoin the National Commission on the Observance of International Women's Year ("Commission") from spending federal funds for allegedly prohibited lobbying activities.

The controlling issue is whether plaintiff has standing to sue. The district court found that he does not, and we agree.

Appellant claims that by virtue of his membership in Congress he has a direct interest in having monies appropriated by the Congress used for no other purpose than those authorized by law and that this entitles him to seek a judicial enforcement of the will of that body.

The controlling case law, however, is to the contrary. Since there are no special standards for determining Congressional standing questions the appellant must meet the requirements of standing set forth by the United States Supreme Court. *Harrington v. Bush*, 553 F.2d 190, 204 (D.C.Cir. 1977). That Court has held that a plaintiff must show more than just a generalized grievance of harm; that a direct personal injury must be shown. *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972); *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 216–227, 94 S.Ct. 2925, 2929–2935, 41 L.Ed.2d 706 (1973). This he has failed to do.

■ The injury alleged by appellant is an injury which he suffers along with all other citizens of the United States. He has not presented any facts which show he has sustained or is imminently in danger of sustaining an actual personal injury. Since appellant has suffered only an injury in the abstract, standing cannot be invoked. *Schlesinger v. Reservists*, 418 U.S. at 217–219, 94 S.Ct. at 2930–2931.

■ Appellant's claims under the False Claims Act 31 U.S.C. § 231 [1] *et seq.* also fail. The False Claims Act is limited to actions involving false demands for either the payment of money or the transfer of property that has been presented to an official of the United States for approval. *Hageny v. United States*, 570 F.2d 924, 931 (Ct.Cl. 1978).[2] Since the appellant in the instant action did not allege respondents fraudulently took the money from the United

---

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

1. 31 U.S.C. §§ 231–235 is commonly known as the False Claims Act.

2. In *Hageny*, the United States counterclaimed under the False Claims Act but was unable to show that the unauthorized cutting down and removal of certain trees from a national forest fell within the ambit of the Act. The court noted that "the False Claims Act was not designed to reach every kind of fraud practiced on the government." *Id.*, at 931.

States,[3] he failed to state a cause of action under this statute. Furthermore, even if appellant had made such a claim, he has failed to comply with the specific procedures of 31 U.S.C. § 232 which must be applied in suits brought by private parties.

AFFIRMED.

---

3. The monies were properly authorized under Public Law 94–167, approved December 23, 1975, and Public Law 94–303, approved June 1, 1976.